# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: March 2, 2026

```
* * * * * * * * * * * * *    *
BRIANA THOMAS,                *
                             *
         Petitioner,          *      No. 22-631V
                             *
v.                            *      Special Master Gowen
                             *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                             *
         Respondent.          *
* * * * * * * * * * * * *    *
```

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.
*Eleanor Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 11, 2025, Briana Thomas, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 51). For the reasons discussed below, I **GRANT IN PART** Petitioner's motion for attorneys' fees and costs and award a total of **$65,528.79.**

## I.    Procedural History

On June 7, 2022, Petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on September 17, 2021, she suffered a shoulder injury related to vaccine administration ("SIRVA"). *Id*. On May 22, 2025, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 46).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 11, 2025, petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $65,930.66, representing $62,745.60 in attorneys' fees and $3,185.06 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. Fees App. Ex. 3. Respondent reacted to the fees motion on August 11, 2025, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 52). Petitioner did not file a reply.

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  Attorneys' Fees

Petitioners request the following hourly rates for the work of their counsel at Black McLaren, et al., P.C.:

|                   | 2022  | 2023  | 2024  | 2025  |
| ----------------- | ----- | ----- | ----- | ----- |
| Michael McLaren   | $501  | -     | $550  | -     |
| William Cochran   | -     | -     | $478  | -     |
| Christopher Webb  | $395  | $410  | $435  | $472  |
| Paralegal         | $167  | $172  | $183  | $199  |

These rates are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent did not respond to the fees motion, and thus has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $62,745.60.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $3,185.06. This amount is comprised of the Court's filing fee, postage, copies, PACER fees, and travel expenses. Fees App. Ex. 2 at 24-25. Mr. Webb's travel expenses require further discussion.

The billing records indicate that Mr. Webb traveled from Memphis, Tennessee, to Denver, Colorado on September 13, 2024, for an in-person meeting with Petitioner. During said trip, Mr. Webb billed for the following hotel stays: Denver Marriott Tech Center, September 13, 2023 ($239.00 per night), and September 14, 2023 ($195.00 per night); and the West Denver International Airport, September 15, 2023 ($431.00 per night), all excluding taxes and fees. Fees App. Ex. 2 at 36-38. The nightly rates for September 13th and 15th, respectively, exceed the federal government's per diem lodging budget for a hotel stay in Denver, Colorado, which was $199.00 per night in September 2023.[3] Likewise, the federal government's total Meals and Incidental Expenses (M&IE) amount for one day in September 2023, was $79.00[4] which includes breakfast, lunch, dinner, and incidental expenses. The hotel invoice reflects that on September 14, 2024, $28.92 in food purchases were charged to Mr. Webb's room, and then Mr. Webb spent $90.00 on dinner at Ruth's Chris.[5] Mr. Webb spent a total of $118.92 on meals on September 14, 2024, which exceeds the daily M&IE budget. Fees App. Ex. 2 at 24. I will reduce Mr. Webb's September 13th and September 15th hotel stays and meal charges to the appropriate per diem rates. This results in a reduction of **$351.92**.[6]

Finally, Petitioner requests reimbursement for Mr. Webb's in-flight Wi-Fi on September 13, 2023, in the amount of $49.95. Fees App. Ex. 2 at 27. Petitioner has not demonstrated that Mr. Webb spent his flight time working on this case; thus, this cost will not be reimbursed. *See id*. at 9. Petitioner's costs award is further reduced by **$49.95**.

Petitioner has provided adequate documentation supporting all of his requested costs. Accordingly, Petitioner is awarded final attorneys' costs in the amount of $2,783.19.

### III.  Conclusion

---

[3] *See* GSA FY 2023 Per Diem Rates for Denver, Colorado at: https://www.gsa.gov/travel/plan-book/per-diem-rates.

[4] *See* Meals and incidental expenses (M&IE) rates and breakdown at: https://www.gsa.gov/travel/plan-book/per-diem-rates.

[5] The receipt counsel provided for Ruth's Chris is the *terminal* receipt (with the only relevant information being the date and the total), not the *itemized* receipt detailing what Mr. Webb purchased. Fees App. Ex. 2 at 31. Additionally, the receipt provided cut off the name of the merchant. Complete, *itemized* receipts are necessary to evaluate the reasonableness of an expense. Counsel is cautioned that failure to provide sufficient documentation in the future may result in reduced or denial of requested expenses.

[6] This amount is calculated as: ($239 - $199 = $40) + ($431 - $199 = $232) ($118.92 - $79 = $39.92) = $351.92.

In accordance with the foregoing, I hereby **GRANT IN PART** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $62,745.60 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$62,745.60** |
| | |
| Attorneys' Costs Requested | $3,185.06 |
| (Reduction of Costs) | ($401.87) |
| **Total Attorneys' Costs Awarded** | **$2,783.19** |
| | |
| **Total Attorneys' Fees and Costs** | **$65,528.79** |

**Accordingly, I award a lump sum in the amount of $65,528.79 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[7]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).